

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TIM LAWSON                                Civil Action No. 12-0056

VERSUS                                    JUDGE DONALD E. WALTER

GRAPHIC PACKAGING                         MAGISTRATE JUDGE HAYES
INTERNATIONAL, INC.

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Graphic Packaging International, Inc. [Doc. #11]. Plaintiff Tim Lawson opposes GPI's motion. For the reasons stated herein, Defendant's motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Tim Lawson ("Lawson") was hired as the Human Resources Manager at Graphic Packaging International, Inc.'s ("GPI") West Monroe Mill in April 2008. Mill Manager Tony Hobson ("Hobson") served as Lawson's direct supervisor, and Lawson had dotted line reporting responsibilities to the Human Resources Director of the Mills Division, Jerry Nicholson. Bryan Mangus later replaced Jerry Nicholson as the HR Director.

As HR Manager, Lawson's responsibilities included recruiting candidates for open positions at the mill, issuing and tracking employee discipline, resolving and preventing personnel issues and managing the human resources department. As a whole, the HR department was responsible for

maintaining payroll records, conducting training for the mill and maintaining and supporting the affirmative action plan for the mill.

Lawson's employment with GPI was terminated on September 13, 2010. Following his termination, Lawson filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission, and on December 7, 2011, the EEOC issued its Notice of Right to Sue. He filed this lawsuit on January 16, 2012, listing four claims for relief: (1) a claim for age-based discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); (2) a claim alleging he was discharged in retaliation for opposing racially discriminatory employment action under Title VII, 42 U.S.C. § 2000e-3(a); (3) a claim for age-based discrimination under the Louisiana Employment Discrimination Law, La. R.S. § 23:312; and (4) a claim for retaliatory discharge due to his opposition to racially discriminatory employment practices under the Louisiana Human Rights Act, La. R.S. § 51:2256(1).

In support of his age-based discrimination claims, Lawson alleges that Hobson directed several ageist comments towards him in the months preceding his termination. Additionally, Lawson contends that Hobson made similar discriminatory statements about other employees within the protected class.

Lawson's retaliatory discharge claims allege that Lawson was fired in retaliation for openly opposing the West Monroe Mill's practice of discriminating against minority job applicants. Specifically, Lawson describes an incident involving a minority job applicant that Hobson decided not to hire, despite Lawson's objection. With the assistance of an interview team, Lawson presented the applicant to Hobson as a candidate to fill the vacant Safety Manager position at the mill. Hobson allegedly responded by stating, "No. Find me somebody better." [Lawson Deposition at 40].

Lawson pressed Hobson, explaining that the candidate was more than qualified and that the mill should take advantage of the opportunity to hire a qualified minority candidate. Hobson again refused, stating "He will not be on my staff." [Lawson Deposition at 41]. When Lawson persisted by stating, "Tony, we've got a black candidate that's very qualified and we need - - it will help our affirmative action plan and go a long way to put somebody on that staff," Hobson allegedly replied, "I don't give a sh*t what the affirmative action plan says, go find somebody better." [Lawson Deposition at 127]. The Safety Manager position was ultimately filled by Brian Canada, a white male.

GPI filed a motion for summary judgment, arguing first that Lawson cannot establish a prima facie case as to either of his two theories for relief. Second, GPI states that, even assuming Lawson can establish a prima facie case, Lawson's termination was the result of deficient performance rather than a product of discrimination or retaliation.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion."

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

*Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

4

## III. LAW AND ANALYSIS

Lawson presents four claims for relief. Claims 1 and 3 allege that Lawson was terminated due to age-based discrimination in violation of federal and state law. Claims 2 and 4 allege that he was terminated for opposing racially discriminatory employment practices in violation of federal and state law.

### 1. Age-Based Discrimination under the ADEA and Louisiana Employment Discrimination Law

After reviewing the entire record, the Court finds that genuine issues of material fact exist regarding Lawson's age-based discrimination claims. Accordingly, GPI's motion for summary judgment as to claims 1 and 3 is hereby **DENIED**.

### 2. Retaliatory Discharge under Title VII and the Louisiana Human Rights Act

Lawson asserts claims of retaliatory discharge under Title VII, 42 U.S.C. § 2000e-3(a), and the Louisiana Human Rights Act, La. R.S. § 51:2256. The Court first notes that, following the 1997 amendments to the Louisiana employment discrimination laws, § 51:2256 no longer provides a private cause of action for retaliation for opposing conduct protected by the employment discrimination laws, such as racial discrimination. *See Lowry v. Dresser, Inc.* 2004-1196 (La. App. 3 Cir. 2/2/05); 893 So. 2d 966, 968–69 (citing *Smith v. Parish of Washington*, 318 F.Supp.2d 366, 373 (E.D. La. 3/26/04)). Therefore, Title VII provides Lawson's only possible means of recovery for retaliatory discharge.

Title 42, United States Code, Section 2000e-3(a) states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

5

In order to make a prima facie case of retaliation, an employee must establish that he (1) participated in an activity protected by Title VII, (2) he suffered an adverse employment action by his employer, and (3) there is a causal connection between the protected activity and the adverse employment action by the employer. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

Even assuming that Lawson can establish the first two elements of his claim, nothing in the record evidences a causal connection between Lawson's opposition to racially discriminatory hiring and his termination. The only specific incident of record supporting Lawson's retaliation claim occurred nearly a year before Lawson was terminated.[2]

Lawson states that he opposed race-based discrimination that occurred while GPI was attempting to fill the Safety Manager position at the West Monroe Mill. [Lawson Brief at 5]. This position was ultimately filled by Brian Canada on October 1, 2009. [Hobson Deposition at 21, Canada Deposition at 4]. Thus, by the time Lawson was terminated on September 13, 2010, at least 11.5 months had passed since the incident.[3] [Lawson Statement of Material Facts, ¶2]. Without additional evidence showing that Lawson engaged in an activity protected under Title VII at a point

---

[2] Lawson does allege that "during his tenure as HR Manager at the West Monroe mill, [he] continuously encouraged the promoting and hiring of qualified minority candidates for management positions at the West Monroe mill, and became a thorn in Hobson's side for doing so." [Lawson Brief at 5]. Section 2000e-3(a) prohibits discriminating against an employee "because he has opposed any practice made an unlawful employment practice." Lawson's statement that he encouraged the promotion and hiring of minority candidates simply shows that he has advocated for, rather than opposed, a certain employment practice. Thus, § 2000e-3(a) is facially inapplicable. Furthermore, Lawson offers no evidentiary support for this allegation. "Conclusory or unsubstantiated allegations" are insufficient to defeat summary judgment. *Little*, 37 F.3d at 1075.

[3] The exact date of the incident is unclear, however it is likely that more than a year passed between the incident. Lawson described a multi-step interview process a candidate must endure before being hired, and further testified that Brian Canada was not even a potential candidate at the time the minority candidate was rejected. [Lawson Deposition at 30–32, 42].

6

in time closer to his termination, the Court cannot find that Lawson has met his burden of proving a causal relationship between the protected activity and the adverse employment action.[4] Accordingly, GPI's motion for summary judgment as to claims 2 and 4 is hereby **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, GPI's Motion for Summary Judgment [Doc. #11] is hereby **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED**, this 11 day of Dec, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] In his deposition, Lawson describes several other incidents where Hobson allegedly made ageist comments towards other employees. [Lawson Deposition at 105, 110, 114]. Lawson does not, however, allege that he opposed these statements. In fact, Lawson specifically states that he did not report these comments. [Lawson Deposition at 117, line 14, at 119, lines 8–10]. Lawson does allege that he opposed Hobson's comments regarding his own age, but opposing age-based discrimination does not support a retaliatory discharge claim under Title VII. Section 2000e-3 protects an employee from retaliation due to his opposition to "any practice made an unlawful employment practice under this subchapter." Age discrimination is not made an unlawful practice under 42 U.S.C. Chapter 21, Subchapter VI, however. See 29 U.S.C. § 623.

Lawson does allege that he was asked to purge boxes of old records containing documents referencing racially discriminatory behavior of the past, yet he specifically states that he did not oppose this request either. [Lawson Deposition at 124, line 11].